Wyly, J.
Plaintiff enjoined his judgment creditors from selling one hundred and sixty acres of the land seized by them, claiming it as his homestead under act 33 of the acts of 1865.
The defendants, Chase and Offut, obtained their judgments long after the passage of the homestead law, but they insist that as the *356 debts on which their judgments are based, were contracted prior to the enactment of said law, the statute in question was not intended to apply to them; that laws should never be considered applicable to cases arising before their passage, unless the Legislature have in express terms so declared; that in the case of Robert v. Coco, 25 An. 199, relied on by plaintiff, the question was whether the homestead act of 1865 was constitutional, and it was held to be constitutional; that defendants make no such issue in this case ; they say the law is constitutional, but contend the act does not apply to obligations contracted before its passage. They also contend in their brief that this homestead law is similar to the act ot 1852, allowing the necessitous widow and her minor children one thousand dollars out of the estate of the deceased husband and father, and that statute has been construed in that way by this court in 10 An. 510, 12 An. 553, and in other cases.
Act 33 of the acts of 1865, entitled “ An Act to exempt from seizure and sale a homestead and other property,” provides “ That in addition to the property now exempt from seizure and sale under execution, one hundred and sixty acres of land and the buildings and improvements thereon occupied as a residence, and bona fide owned by the debtor having a family or mother, or father, or person or persons dependent on him for support; * * * provided the property herein declared to be exempt from seizure and sale does not exceed in value two thousand dollars; * * * provided further, no debtor shall be entitled to the exemption provided for in this section whose wife shall own in her own right, and be in the actual enjoyment of property worth more than one thousand dollars; provided further, that no property shall by virtue of this act be exempt from sale for nonpayment of taxes or assessments levied pursuant to law, nor for debt contracted for the purchase price of said exempted property, nor for money due for rents bearing a privilege on said property under existing laws.”
It is manifest that this statute was intended to apply to seizures under execution made after the passage of the law, regardless of the period when the debts were contracted, upon which the judgments were rendered. The express reservation from the operation of this law of claims for taxes and of the debt for the purchase price of the exempted property, and money due for rents bearing a privilege on said property, carries with it the implication that no other debts were intended to escape the operation of this law, it matters not when contracted. When the authors of the statute undertook to enumerate the claims which they desired exempt from the operation of this law, the presumption is they mentioned all that they intended.
*357 There are several provisos or limitations mentioned in the law, and we do not feel authorized to add another, to the effect that it shall not apply to judgments rendered after its passage, on ordinary claims existing previously.
The law is unambiguous, and under pretext of a construction this court can not rightfully place a limitation upon its operation, for this would virtually be enacting an amendment to the law, or exercising • legislative powers.
In Robert v. Coco, 25 An. 199, the question was whether the homestead act applied to the judgments obtained after its passage on ordinary debts existing previously, and if so, whether the law was constitutional. The court held the law applicable, and also that it is constitutional.
Here the learned counsel for the defendant insists that the law is not applicable; he concedes that it is constitutional. The case at bar is identical with that of Robert v. Coco, and it must be decided in the same way. This court has often decided that privileges and mortgages can not be defeated by subsequent legislation of this character, because they are accessory obligations' and are protected by that provision of the constitution of the United States prohibiting a State from enacting a law impairing the obligations of «contracts. If defendants, prior to the enactment of the homestead act of 1865 had acquired a' privilege or mortgage on the property in question, that right would not be impaired by the law. It could be enforced notwithstanding the enactment.
But this court has never decided that a judgment rendered after the passage of the homestead law, on an ordinary debt existing previously, is exempt from the operation of said homestead law. The homestead act was not intended to impair acquired rights and to take away all remedies to contracts.
Its object was to uphold the agricultural interest of the State, to reserve from seizure a small piece of land, certain implements, work-animals, and provisions, in order that the debtor may continue his agricultural pursuit for the support of his family, for the payment of his debts, and for the discharge of his duties as a tax payer and citizen. Whatever sum he acquires beyond the exempted property is liable to the pursuit of his creditors, and whenever he ceases to occupy the exempted property as a homestead, it also becomes liable and can be seized. We regard the homestead law as but a modification of the remedy which the State, interested in the support and welfare of her citizens and interested in fostering agricultural pursuits, developing her own resources, had the right to pass, and in doing so she impaired no acquired rights of the defendants.
*358 The restrictive clause of the constitution of the United States was never intended to paralyze the arm of industry, or to prevent a State from developing her own resources by fostering agricultural pursuits.
Much stress is laid on an obiter clietum in the case of Sabatier et al. v. Their Creditors, 6 N. S. 585, to the effect that a law passed after a contract which would exempt all the property of the obligor from payment of the debt, would be unconstitutional; it would be equally so if a portion was placed out of reach of execution, provided the portion left was not sufficient to satisfy the debt. This remark was entirely unnecessary to the solution of the question in that case, which was whether in a eoneurso in a case of insolvency, an irregular depositor who had a privilege at the time of the contract of deposit, lost it by the subsequent repeal of the law allowing a privilege to an irregular depositor.
The conclusion of the court was entirely correct; the law in force at the time of the irregular deposit gave a privilege which was an accessory obligation that could not be impaired by the subsequent repeal of the law. This court has ever held that real rights, mortgages and privileges, can not be impaired by subsequent legislation, because they are necessary obligations. But defendants who were ordinary creditors had acquired no real rights on the property in question, and the exemption thereof by the State from seizure, in no sense impaired the obligations of a contract detrimental to defendants.
In the cases of the succession of Taylor, 10 An. 510, and Milne v. Schmidt, 12 An. 553, this court construed the act of 1852, allowing the necessitous widow one thousand dollars out of the estate of her deceased husband, as not applying to creditors whose debts existed prior to the passage of the law.
Here we find the law unambiguous, containing certain exceptions or limitations to its operation, and under pretext of a construction this court can not rightfully add another exception or limitation to its operation; we find no authority to say that its operation must be restricted in favor of ordinary creditors whose claims existed before the passage of the law.
As the defendants concede the constitutionality of the law, we deem it unnecessary to review the decisions of the Supreme Court of the United States, and to pursue the argument showing that a State has the right to pass a homestead law of the kind before us, and that its operation against an ordinary creditor whose claims existed before its passage, in no manner contravenes the provision of the consitution of the United States, prohibiting a State from enacting a law impairing the obligations of contracts. 15 An. 153; Cooley’s Limitations 288.
It is therefore ordered that the judgment herein in favor of plaintiff be affirmed with costs.